IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK ANTHONY SMITH,

    Plaintiff,                    No. CIV S-10-846 MCE KJM P

    vs.

DR. GEORGE JOSEPH GROSSO,      ORDER AND

    Defendants.              FINDINGS AND RECOMMENDATIONS
_____/

        Plaintiff is a civilly committed inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        The court is required to screen complaints brought by those proceeding in forma pauperis. 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or portion thereof if the person has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

1   A claim is legally frivolous when it lacks an arguable basis either in law or in
2  fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
3  28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
4  indisputably meritless legal theory or where the factual contentions are clearly baseless.
5  Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however
6  inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d
7  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

8   In order to avoid dismissal for failure to state a claim a complaint must contain
9  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements
10 of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other
11 words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
12 statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a
13 claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570.
14 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
15 draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129
16 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be
17 granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200
18 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.
19 Rhodes, 416 U.S. 232, 236 (1974).

20  Plaintiff alleges that defendant and the Department of Mental Health undertook an
21 illegal evaluation in connection with plaintiff's commitment as a sexually violent predator. He
22 also contends that he has been found not to meet the criteria for commitment by several
23 evaluators. He asks for a new evaluation and a new, fair trial.

24  In Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1138-41 (9th Cir. 2005), the court
25 held that a civilly committed person may not proceed with a civil rights action that would
26 necessarily imply the invalidity of his commitment if successful. In Huftile, as in this case, the

1  plaintiff challenged the method in which he was evaluated for his SVP commitment.  Id. at 1140.
2  As in Huftile, if plaintiff succeeds in showing that the evaluation was illegal or shows that the
3  reliance on his prior convictions was improper, the validity of his commitment would be called
4  into question.   This complaint therefore fails to state a claim.
5         IT IS HEREBY ORDERED that plaintiff's motion to proceed in forma pauperis
6  (Docket No. 2) is granted.
7         IT IS RECOMMENDED that the complaint be dismissed.
8         These findings and recommendations are submitted to the United States District
9  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
10 one days after being served with these findings and recommendations, plaintiff may file written
11 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
12 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
13 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
14 F.2d 1153 (9th Cir. 1991).
15 DATED:  April 27, 2010.

_____
U.S. MAGISTRATE JUDGE

18  2
19  smit0846.56